MARA W. ELLIOTT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
MANUEL ARAMBULA, Deputy City Attorney
California State Bar No. 289718
      Office of the City Attorney
      1200 Third Avenue, Suite 1100
      San Diego, California 92101-4100
      Telephone:  (619) 533-5800
      Facsimile:  (619) 533-5856

Attorneys for Defendant City of San Diego

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HUBBARD and AMY BAACK,<br><br>         Plaintiffs,<br><br>    v.<br><br>CITY OF SAN DIEGO and DOES 1-10,<br><br>      Defendants. | Case No.  24-cv-00972 CAB MMP<br><br>**DEFENDANT CITY OF SAN DIEGO'S POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>**[Fed. R. Civ. P. 12(b)(6), (F)]**<br><br>Date:      September 4, 2024<br>Judge:    Hon. Cathy Ann Bencivengo<br>Court:    15A<br>Trial:      Not Set |

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION.................................................................................................5

II.       STANDARD OF REVIEW...........................................................................6

III.      ARGUMENTS ...............................................................................................7

    a. **Plaintiffs have Failed to Demonstrate that the First Amendment Applies to their Claims** ...........................................................................................8

    b. **b.  Plaintiffs' Facial Challenge Fails to Meet the Test for Unbridled Discretion in a Government Official**.........................................................................10

    c. **c.   Plaintiffs' "As Applied" Challenge Fails because Municipal Code section 63.0102 was not Enforced in a Discriminatory Matter** ...................................132

    d. **Plaintiffs' Second Cause of Action for "Individual Liability" is Improperly Pled**18

    e. **Plaintiffs' Third Cause of Action for "Supervisory Liability is Improperly and Insufficiently Pled**.......................................................................................185

    f. **Plaintiffs' Fourth Cause of Action for Declaratory Relief Cannot Survive because the Conduct they were Cited for is not Protected Under the First Amendment** ...................................................................................................187

    g. **Plaintiffs' FAC Contained Numerous Allegations that Should be Struck** .........188

IV.   CONCLUSION...............................................................................................20

1

## <u>**TABLE OF AUTHORITIES**</u>

2

3

**Cases**

4

*Arcara v. Cloud Books, Inc.*
   478 U.S. 697, 707 (1986) ................................................................ 13

5

*Ashcroft v. Iqbal*
   556 U.S. 662, 678 (2009) ............................................................. 14-15

6

7

*Balisteri v. Pacifica Police Dep't.*
   901 F.2d 696, 699 (9th Cir.1990) ................................................... 20

8

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544, 555 (2007) ............................................................. 14-15

9

10

*Best Supplement Guide, LLC v. Newsom*
   No. 2:20-cv-00965-JAMC-KD 2020 WL 2615022 (E.D. Cal. May 22, 2020 ...................... 9. 10

11

*City of Lakewood v. Plain Dealer Publ'g Co.*
   486 U.S. 750, 755 (1988) ................................................................ 12

12

13

*Clark v. Community for Creative Non–Violence*
    468 U.S. 288, 293 n.5 (1984) ......................................................... 9

14

*Clegg v. Cult Awareness Network*
   18 F.3d 752, 754 (9th Cir. 1994) ....................................................... 8

15

16

*Desert Outdoor Adver., Inc. v. City of Oakland,*
   506 F.3d 798, 805 (9th Cir. 2007) ..................................................... 14

17

*Edge v. City of Everett*
   929 F.3d 657, 668 (9th Cir. 2019) ...................................................... 9

18

19

*Fashion Valley Mall, LLC v. National Labor Relations Bd.*
   42 Cal. 4th 850 (2007)........................................................... 8-9

20

*Foti v. City of Menlo Park*
   146 F.3d 629, 635 (9th Cir. 1998) ................................................... 13-14

21

22

*Genesis Healthcare Corp. v. Symczyk,*
   569 U.S. 66, 73(2013) ................................................................ 19

23

*Hyde v. City of Wilcox*
   23 F.4th 863 (9th Cir. 2022) .......................................................... 17

24

25

*MedImmune, Inc. v. Genentech, Inc.*
   549 U.S. 118, 120 (2007) ............................................................. 18

26

27

*Monell v. Dept. of Social Service of the City of New York*
   436 U.S. 58 (1978) ................................................................... 16

28

Document Number: 3677788

*Navarro v. Block*
   250 F.3d 729, 732 (9th Cir. 2001) ...................................................................................... 7

*Neitzke v. Williams*
   490 U.S. 319, 326 (1989) ................................................................................................... 7

*Paulsen v. CNF Inc.*
   559 F.3d 1061, 1071 (9th Cir. 2009) .................................................................................. 8

*Shroyer v. New Cingular Wireless Servs.*, Inc.
   622 F.3d 1035, 1041 (9th Cir. 2010) .................................................................................. 7

*Steel MMA, LLC v. Newsom,*
   WL 778654 (S.D. Cal. Mar 01, 2021) ........................................................................... 9-10

*Texas v. Johnson*
   491 U.S. 397, 404 (1989) ................................................................................................... 9

*Stevens v. Berry*
   249 Cal. App.2d 474 (1967) ....................................................................................... 16,17

*Thomas v. Chi. Park Dist.*
   534 U.S. 316, 324 (2002) ............................................................................................ 12-13

*Turner Broad. Sys., Inc. v. F.C.C.*
   520 U.S. 180, 189 (1997) ................................................................................................. 11

*United States v. Juvenile Male*
   564 U.S. 932, 937 (2011) ............................................................................................ 18-19

*United States v. O'Brien*
   391 U.S. 367, 376 (1968) ............................................................................................ 10-11

*Vasquez v. County of Kern*
   949 F.3d 1153 (9th Cir. 2020) ......................................................................................... 17

*Virginia v. Black*
   538 U.S. 343, 358 (2003) ................................................................................................. 10

*Ward v. Rock Against Racism*
   491 U.S. 781, 791(1989) .................................................................................................. 11

*Weber v. Dep't of Veterans Affairs*
   521 F. 3d 1061, 1065 (9th Cir. 2008) .............................................................................. 15

**Statutes**

28 U.S.C. § 2201(a) ............................................................................................................. 18
42 U.S.C. § 1983 .................................................................................................................. 6
San Diego Municipal Code § 63.0102(c)(14) ............................................................... 6, 11
San Diego Municipal Code § 63.0102(c)(15) ............................................................... 6, 11

**Rules**

Fed R. Civ. P. 12(b)(6) ..................................................................................................................7

Defendant City of San Diego (City) respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss Plaintiffs Steven Hubbard and Amy Baack's (Plaintiffs) first amended complaint (FAC). The City is entitled to relief under Fed R. Civ. P. 12(b)(6) and (f) on the grounds that the Plaintiff's FAC fails to state a claim on which relief may be granted.

## I.   INTRODUCTION

1.     Plaintiffs are yoga instructors who "offer free yoga instruction in City parks and have done so for many years." (Doc. No. 13 at ¶ 7.) As a result of conducting these yoga classes without a permit issued by the City, Plaintiffs were cited by the City's park rangers. These citations were issued as violations of San Diego Municipal Code § 63.0102(c)(14). San Diego Municipal Code section 63.0102(c)(14) makes it "unlawful to carry on or conduct commercial activity, to provide any service … or to require someone to negotiate, establish, or pay a fee before providing a service, even if characterized as a donation, without the written consent of the City Manager." Plaintiffs also complain that their citations were issued, at least in part, under San Diego Municipal Code § 63.0102(c)(15), which states that it is "unlawful to set up, maintain, or give any exhibition, show, performance, lecture, concert, place of amusement, or concert hall without the written consent of the City Manager." (Doc. No. 13 at ¶39.)

2.     These two sections (collectively "San Diego Municipal Code section 63.0102") form the basis of Plaintiffs' complaint Despite the fact that Plaintiffs characterize Municipal Code section 63.0102 as a "ban" on teaching yoga, it is actually an ordinance that requires individuals who wish to engage in commercial activity or lecture to obtain a permit prior to engaging in these activities.

///

///

///

3.      As a result of these citations, Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 alleging four causes of action.[1] The first cause of action for Monell liability alleges two separate and independent causes of action, which allege that Municipal Code section 63.0102 is "facially unconstitutional." (Doc. No. 13 at ¶¶ 75-89.) Plaintiffs' second cause of action is for "Individual Liability" against Doe defendants. (*Id.* at ¶¶ 114-21.) Plaintiffs' third cause of action is for "Supervisory Liability." (*Id.* at ¶¶ 122-29.) Plaintiffs' fourth cause of action is for Declaratory Relief. (*Id.* at ¶¶ 130-32.)

4.      Plaintiffs, however, have not plead a plausible claim for relief under the First Amendment. Plaintiffs FAC summarily assumes, without explaining why, teaching yoga is an activity protected by the First Amended. Plaintiffs' arguments lack legal merit because they provide no authority for the proposition that teaching yoga is expressive speech or conduct entitled to First Amendment protection. To the contrary, this Court, and other courts, have found that teaching or coaching physical activities in gyms, such as yoga, do not constitute expressive speech or conduct. For these reasons, the City files this 12(b)(6) motion to dismiss (Motion).

## II.   STANDARD OF REVIEW

5.      Under Federal Rule of Civ Proc. Rule 12(b)(6), a complaint may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 12(b)(6) also "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A complaint must also plead "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs.*, Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). A claim meets that standard "when the plaintiff pleads factual

---

[1] Plaintiffs appear to actually allege six causes of action, but subsume two constitutional challenges to Municipal Code section 63.0102 under their First Cause of Action, which is labeled a *Monell* claim. The City does not address Plaintiffs' Second or Third Causes of Action because they are only levied against Doe defendants.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

6.      In testing the sufficiency of a complaint, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *see also Iqbal*, 556 U.S. at 678 (holding that a complaint does not suffice when "it tenders naked assertions devoid of further factual enhancement") (internal quotations omitted). Moreover, the Court is "not…required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). Plaintiff's OC falls short of alleging plausible causes of action because it does not make a cognizable legal argument as to why teaching yoga is or might be protected under the First Amendment.

## III.   ARGUMENTS

### a. **Plaintiffs have Failed to Demonstrate that the First Amendment Applies to their Claims**

7.      Plaintiffs' entire lawsuit rests on the premise that Municipal Code section 63.0102 is unconstitutional because it violates the First Amendment's free speech guarantees. Their FAC directly claims that "teaching yoga" is "pure speech" without further enhancement. (Doc. No. 13 at ¶ 68.) The case law that Plaintiffs cite in support of their motion address cases where the law in question has been found to impact First Amendment rights, but none of the case law cited in the FAC states, or even suggests, that teaching yoga should be considered activity protected by the First Amendment. For example. Plaintiffs cite to *Fashion Valley Mall, LLC v.*

*National Labor Relations Bd*., 42 Cal. 4th 850 (2007), for the proposition that any analysis of San Diego Municipal Code section 63.0102 should be subject to strict scrutiny. (Doc. No. 13 at ¶ 67.) This allegation, however, assumes that teaching yoga is an activity protected by the First Amendment. It is not.

8.      Plaintiffs cannot credibly argue or establish that teaching yoga is a form of expressive conduct amenable to First Amendment protection. Plaintiffs' FAC summarily assumes, without showing, that teaching yoga comes within the ambit of the First Amendment. Indeed, "[a]lthough it is common to place the burden upon the Government to justify impingements on First Amendment interests, it is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies." *Clark v. Community for Creative Non–Violence*, 468 U.S. 288, 293 n.5 (1984). Here, Plaintiffs have not and cannot do so.

9.      There are two recent cases from the District of California where courts have found that activity in a gym, such as yoga, are not expressive activity. These cases are *Steel MMA, LLC v. Newsom*, Case No.: 21-CV-49-CAB-AGS, 2021 WL 778654 (S.D. Cal. Mar 01, 2021), and *Best Supplement Guide, LLC v. Newsom*, No. 2:20-cv-00965-JAMC-KD, 2020 WL 2615022 (E.D. Cal. May 22, 2020). Both of these cases considered First Amendment challenges to the State of California's regulation of activity that effected gyms; claims essentially identical to those here.

10.     This Court found in *Steel MMA, LLC* that "Plaintiffs [] failed to establish that the First Amendment protects their operation of gyms or that working out/exercising/personal training indoors in a gym is speech or expressive activity protected by the First Amendment." *Steel MMA, LLC*, 2021 WL 778654, at *4. This is because "[e]xpressive conduct is characterized by two requirements: (1) 'an intent to convey a particularized message' and (2) a 'great' 'likelihood ... that the message would be understood by those who viewed it.'" *Edge v. City of Everett*, 929 F.3d 657, 668 (9th Cir. 2019) (quoting *Texas v. Johnson*, 491 U.S. 397, 404

(1989)). Neither of these two requirements are met here because "personal training that occurs indoors at a gym [does not] constitute expressive conduct or speech that implicates the First Amendment." *Steel MMA, LLC*, 2021 WL 778654, at *4. Plaintiffs' activity here, although conducted outdoors and in a public park, is exactly the same activity Plaintiffs would engage in if they were to conduct it indoors, in a gym, and with the same yogis who now attend their classes on the City's beaches. Being outdoors and on public land does not change the character of Plaintiffs' conduct from non-expressive conduct to expressive conduct or speech protected by the First Amendment.

11.     Plaintiffs also fail to address the test for expressive activity and, subsequently, have not argued that they hold yoga classes with the intent to convey any particularized message, nor have they "articulated what that message is or demonstrated any likelihood that those [yogis] viewing that message would understand it." *Steel MMA, LLC*, 2021 WL 778654, at *6. Plaintiffs just leap to the conclusion that Municipal Code section 63.0102 "is content-based and is therefore evaluated under strict constitutional scrutiny." (Doc. No. 13 at ¶ 79.) Plaintiffs' leap is not warranted and they make this argument without an analysis as to why, as a preliminary matter, the teaching of yoga is expressive conduct or speech, because it is not.

12.     The court in *Best Supplement Guide, LLC*, 2020 WL 2615022, at *4, rejected arguments similar to those made by Plaintiffs here and the plaintiffs in *Steel MMA, LLC* when it found that COVID-related gym closures did not unlawfully infringe on freedom of speech, assembly or expressive association, and held that:

> The First Amendment's free speech clause only 'affords protection to symbolic or expressive conduct [and] actual speech.' *Virginia v. Black*, 538 U.S. 343, 358 (2003). As Defendants argue, the State and County

gym closures plainly restrict non-expressive conduct: operating gyms. The Court lacks any authority for the proposition that operating a gym implicates the First Amendment's free speech protections. . . . *see also United States v. O'Brien*, 391 U.S. 367, 376 (1968) ("We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea.").

Although Plaintiffs here only allege that it is their right to teach yoga that is being infringed under the First Amendment, it is difficult to conceive of a scenario where the recipients of their message—the yogis—would be deprived of any right also guaranteed by First Amendment.

13.    Municipal Code section 63.0102 does not, within its text, regulate speech. What it does regulate, but not ban, is commercial activity. It is therefore "[a] regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Ward v. Rock Against Racism*, 491 U.S. 781, 791(1989). Municipal Code section 63.0102 does not mention, much less favor, any expressive activity or speech and is content neutral even if it incidentally affects any speech. "A content-neutral regulation will be sustained under the First Amendment if it advances important governmental interests unrelated to the suppression of free speech and does not burden substantially more speech than necessary to further those interests." *Turner Broad. Sys., Inc. v. F.C.C.* , 520 U.S. 180, 189 (1997).

b.  **Plaintiffs' Facial Challenge Fails to Meet the Test for Unbridled Discretion in a Government Official**

14.    Plaintiffs' claim that "SDMC §630102(c)(14) [and §630102(c)(15)] as now amended [are] facially unconstitutional" because they "place[] unbridled discretion in the hands of the City Manager, i.e. the Mayor, to determine when and

where yoga will be allowed in City Parks." (Doc. No. 13 at ¶¶ 75, 89.) Plaintiffs' FAC fails to explain or expand on the rationale for this allegation or cite to any authority explaining how San Diego Municipal Code section 63.0102 places unbridled discretion in the hands of the City Manager.

15.    A facial challenge may be brought when a regulation "allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755 (1988). In order to make a cognizable challenge, Plaintiffs must show that "[t]he law [has] a close enough nexus to expression, or to conduct commonly associated with expression, to pose a real and substantial threat of the identified censorship risks." *Id.* at 759. As argued *supra*, the teaching of yoga is not conduct with a "nexus to expression" or conduct that is "commonly associated with expression."[2] As a result, Municipal Code section 63.0102 does not allow the City Manager to "permit or deny expressive activity" that can "pose a real and substantial threat [to] censorship risks" to activity protected by the First Amendment.

16.    The City explicitly announced the "Purpose and Intent" of Municipal Code section 63.0102(a)  when it found that that "[i]t is the purpose and intent [of the City] in enacting this Division to regulate and prohibit certain activities in public parks and beaches within the City of San Diego in the interests of protecting the enjoyment and safety of the public in the use of these facilities, as well as the natural resources of the City of San Diego." Municipal Code section 63.0102(d) does not single out the teaching of yoga as any form of expressive activity that is regulated, but rather identifies it as just one among many services that are "activities involving the performance of work for others." As a whole, Municipal Code section 63.0102 provides "reasonably specific and objective" guidance that

---

[2] *Supra* paragraphs 8-10.

does "not leave the decision 'to the whim of the administrator'" and is therefore permissible. *Thomas v. Chi. Park Dist.*, 534 U.S. 316, 324 (2002) (citation omitted).

17.    Alternatively, "[a]n ordinance may be facially unconstitutional in one of two ways: either it is unconstitutional in every conceivable application, or it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally overbroad." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998) (internal quotation marks and alterations omitted). Plaintiffs do not argue either that Municipal Code section 63.0102 is unconstitutional in every application or that it prohibits a broad range of protected conduct. (*See* Doc. No. 1 at ¶¶ 37-51.) Plaintiffs' arguments solely focus on the application of Municipal Code section 63.0102 to the facts of their lawsuit and their specific circumstances. (*See id.*)

18.    Municipal Code section 63.0102 is a generally applicable ordinance. As such, it is "a sanction imposed pursuant to a generally applicable law [that] does not trigger First Amendment scrutiny, even where the sanction results in a burden on expression." *Talk of the Town v. Department of Finance & Business Services ex rel. City of Las Vegas*, 343 F.3d 1063, 1069 (citing *Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 707 (1986) (footnote omitted)). As a result, Plaintiffs' facial constitutional challenge to Municipal Code section 63.0102 fails.

### c. Plaintiffs' "As Applied" Challenge Fails because Municipal Code section 63.0102 was not Enforced in a Discriminatory Matter

19.    Plaintiffs have no valid as-applied claims because their challenge to Municipal Code section 63.0102 was not enforced against Plaintiffs in a discriminatory manner. The Ninth Circuit has explained an as-applied challenge in the First Amendment context as follows:

> An as-applied challenge contends that a law is unconstitutional as applied to a litigant's particular speech activity, even though the law may be capable of valid application to others.

[Plaintiffs] purport[] to raise an as-applied challenge to [Municipal Code section 63.0102 ], but [Plaintiffs] misunderstand[] the nature of such challenges. As-applied challenges are not based solely on the application of an allegedly unconstitutional law to a particular litigant. Rather, they separately argue that discriminatory enforcement of a speech restriction amounts to viewpoint discrimination in violation of the First Amendment. It is for this reason that a successful as-applied challenge does not render the law itself invalid but only the particular application of the law. An as-applied challenge goes to the nature of the application rather than the nature of the law itself.

*Desert Outdoor Adver., Inc. v. City of Oakland*, 506 F.3d 798, 805 (9th Cir. 2007) (alterations, citations, and internal quotation marks omitted).

20.     Plaintiffs broadly argue that the City enforced Municipal Code section 63.0102 against them, but fail to allege that this enforcement was discriminatory as applied to them and as compared to other individuals cited for a violation of Municipal Code section 63.0102 . (*See* Doc. No. 13 at ¶¶ 90-113.) Plaintiffs do not, and indeed cannot, argue "that the City's 'particular application of the law' evidenced any degree of subjectivity or undue discretion." *Desert Outdoor Adver., Inc.*, 506 F.3d at 805 (citing to *Foti*, 146 F.3d at 635.) Neither Plaintiff Hubbard or Plaintiff Baack were apparently treated differently from each other, nor do they collectively argue that they were treated any different from other individuals who offer similar services and who would be subject to a citation under Municipal Code section 63.0102. (*See* Doc. No. 13 at ¶¶ 90-113.)

21.     Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs' as-applied challenge is no more than an "unadorned 'the defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a) (2)). Thus, while specific detail is not required, Plaintiffs' OC must, at a minimum, plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547; *Weber v. Dep't of Veterans Affairs*, 521 F. 3d 1061, 1065 (9th Cir. 2008). Plaintiffs FAC fails to do so.

22.    Plaintiffs do not, for example, address or argue why they were treated differently than a masseuse, a dog trainer, or a fitness instructor who would be subject to a citation if they engaged in the same conduct—the unpermitted provision of services on City property—that Plaintiffs were cited for. Such an argument is necessary for Plaintiffs to maintain an as-applied challenge. Plaintiffs' failure to show, or even allege, that the citations issued to them evidenced any degree of subjectivity or undue discretion exhibits the lack of a viable as-applied challenge.

### d. Plaintiffs' Second Cause of Action for "Individual Liability" is Improperly Pled

23.    Plaintiffs' second cause of appears to be directed at Doe defendants. This cause of action is an attempt by Plaintiffs to plead the existence of Doe defendants for the purposes of adding named defendants at the time that Plaintiffs learn their identities. It is, however, pled as a substantive and ripe cause of action. Plaintiffs' second cause of action is therefore improperly pled for several reasons.

24.    If Plaintiffs' second cause of action is an attempt to plead the existence of Doe defendants, then it is improperly pled because the Doe defendant rule has two mandatory requirements. These two requirements are that a plaintiff must be

"ignoran[t] of the true name of the defendant" and that the "plaintiff make a clear statement in his [original] pleading that he is ignorant of the true name of the defendant sued by a fictitious name." *Stephens v. Berry*, 249 Cal.App.2d 474, 477(1967). Plaintiff does not does so. (*See* Doc. No. 13 at ¶¶ 114-21.)

25.    If Plaintiffs intend for their second cause of action to be a substantive cause of action, it fails because there is no "individual liability" in a 42 U.S.C. § 1983 lawsuit because such relief must be pled under *Monell*. To maintain a §1983 action against a government entity, Plaintiffs must allege and eventually present evidence that the allegedly unconstitutional activities of law enforcement officers were pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the entity's officers]." *Monell v. Dept. of Social Service of the City of New York*, 436 U.S. 658, 690 (1978); *see also Kirkpatrick v. City of Los Angeles*, 803 F.2d 485, 491 (9th Cir. 1986). Moreover, Plaintiffs fail to identify any actions attributable to any individual officers. While Plaintiffs have nominally titled his first cause of action as a "*Monell* claim," the third cause of action would be the appropriate cause to argue for *Monell* liability since this is apparently the cause of action related to liability by individual law enforcement officers.

26.    Plaintiffs' second cause of action is improperly pled and should be dismissed or stricken from the FAC depending on Plaintiffs' theory for its second cause of action.

### e.   Plaintiffs' This Cause of Action for "Supervisory Liability is Improperly and Insufficiently Pled

f.    Plaintiffs' third cause of action also appears to be directed at Doe defendants, except supervisors. This cause of action also appears to be an attempt by Plaintiffs to plead the existence of Doe defendants for the purposes of adding named defendants at the time that Plaintiffs learn their identities. It is, however, pled as a substantive and ripe cause of action. Plaintiffs' third cause of action is

1  therefore improperly pled for several reasons.

2      g.    If Plaintiffs' second cause of action is an attempt to plead the existence

3  of Doe defendants, then it is improperly pled because the Doe defendant rule has

4  two mandatory requirements. These two requirements are that a plaintiff must be

5  "ignoran[t] of the true name of the defendant" and that the "plaintiff make a clear

6  statement in his [original] pleading that he is ignorant of the true name of the

7  defendant sued by a fictitious name." *Stephens v. Berry*, 249 Cal.App.2d 474,

8  477(1967). Plaintiff does not does so. (*See* Doc. No. 13 at ¶¶ 114-21.)

9      h.    If Plaintiffs intend for their second cause of action to be a substantive

10  cause of action, it fails because Plaintiffs have not pled any of the appropriate

11  elements for supervisory liability, or named the supervisors. Defendants in a §1983

12  action can be held liable as supervisors for either their own personal involvement in

13  the constitutional deprivation or a "sufficient causal connection between the

14  supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652

15  F.3d 1202, 1207 (9th Cir. 2011). Supervisors can be held liable for "1) their own

16  culpable action or inaction in the training, supervision, or control of subordinates;

17  2) their acquiescence in the constitutional deprivation of which a complaint is

18  made; or 3) for conduct that showed a reckless or callous indifference to the rights

19  of others." *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022).

20      i.    Plaintiffs also argue that the unnamed supervisors directed the Doe

21  defendants in count two, but such liability for the actions of subordinates can only

22  be had where "the supervisor participated in or directed the violations, or knew of

23  the violations [of subordinates] and failed to act to prevent them." *Vazquez v.*

24  *County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). Plaintiffs have made no such

25  arguments in their FAC. (*See* Doc. No. 13 at ¶¶ 122-29.)

26      j.    Plaintiffs' third cause of action is therefore improperly pled and should

27  be dismissed or stricken from the FAC depending on Plaintiffs' theory for its

28  second cause of action.

1

2      **f.    Plaintiffs' Fourth Cause of Action for Declaratory Relief Cannot**
3             **Survive because the Conduct they were Cited for is not Protected**
              **Under the First Amendment**

4      g.      As a preliminary matter, Plaintiffs' Fourth Cause of Action for

5  Declaratory Relief is inadequately pled. The FAC contains no statutory references

6  and does not name the law under which they wish to proceed. If Plaintiffs are

7  pursuing relief under the Declaratory Judgments Act, Article III of the United

8  States Constitution authorizes federal courts to adjudicate only "Cases" or

9  "Controversies." U.S. Const. Art. III, § 2, cl. 1; *see MedImmune, Inc. v. Genentech,*

10 *Inc.*, 549 U.S. 118, 120 (2007). As argued *supra*, Plaintiffs cannot maintain their

11 First Amendment challenge to Municipal Code section 63.0102 because teaching

12 yoga is not an expressive activity protected under the First Amendment. As a result,

13 their claim for injunctive relief similarly fails.

14     h.      The Declaratory Judgment Act provides that, "[i]n a case of *actual*

15 *controversy* within its jurisdiction ... any court of the United States ... may declare

16 the rights and other legal relations of any interested party seeking such declaration,

17 whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis

18 added). The phrase "case of actual controversy" in the Act refers to the type of

19 "Cases" and "Controversies" that are justiciable under Article III. *MedImmune*, 549

20 U.S. at 127. As applied to the Declaratory Judgment Act, Article III requires that a

21 dispute be "definite and concrete, touching the legal relations of parties having

22 adverse legal interests." *Id.* (internal quotation marks omitted). "[T]he question in

23 each case is whether the facts alleged, under all the circumstances, show that there

24 is a substantial controversy, between parties having adverse legal interests, of

25 sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

26 *Id.* at 127. Here, there is no controversy, let alone a substantial controversy, under

27 the facts and that law alleged by Plaintiffs.

28     i.      "Throughout the litigation, the party seeking relief must have suffered,

or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *United States v. Juvenile Male*, 564 U.S. 932, 937 (2011) (internal quotation marks omitted). If, as the City contends, this Court finds that teaching yoga is not expressive conduct, Plaintiffs' request for declaratory relief is moot and must be dismissed even if Plaintiffs belatedly make a claim on behalf of their yogis because Plaintiffs "lack any personal interest in representing others in this action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73(2013).

### g. Plaintiffs' FAC Contained Numerous Allegations that Should be Struck

h.      As Plaintiffs FAC contains numerous allegations that should be struck as immaterial. Under Rule 12(f), "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matters are "those which ha[ve] no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (internal quotation marks omitted). Impertinent matters "do not pertain, and are not necessary, to the issues in question." *Id*. (internal quotation marks omitted).

i.      Paragraphs 28 through 31 include reference to an news article in a trade journal and a narrative that purports to be the between a City employee and Plaintiff Baack that is irrelevant to any of Plaintiffs' causes of action.

j.      Paragraphs 35 through 37 include references that citations issued to Plaintiff Hubbard over a decade ago, the findings of a court commissioner in 2014, and a City memorandum. The citation to Plaintiff Hubbard is immaterial to his current cause of action and the findings and memorandum are both immaterial and can be construed as commentary and conclusions on the questions of law that this Court will be asked to rule upon. The findings and memorandum also predate the enactment of San Diego Municipal Code section 63.0102 that Plaintiffs are

challenging.

k.      Paragraphs 46 through 48 discuss a memorandum of law by the City from 2016 that is both immaterial and can be construed as commentary and conclusions on the questions of law that this Court will be asked to rule upon. The findings and memorandum also predate the enactment of San Diego Municipal Code section 63.0102 that Plaintiffs are challenging.

l.      Paragraphs 52 through 62 also discuss another memorandum, discussions between legislators and their attorneys that are immaterial to Plaintiffs' causes of action. These matters are also are both immaterial and can be construed as commentary and conclusions on the questions of law that this Court will be asked to rule upon.

m.      Paragraphs 110 through 112 discuss a letter by the City's Mayor and what Plaintiffs believe the Mayor knows about Plaintiffs' practices in collecting fees for teaching yoga and alleged instructions that the Mayor provides to the City's park Rangers. The letter and the Mayor's beliefs are immaterial Plaintiffs' causes of action. Moreover, the Mayor's alleged beliefs and purported orders to Park Rangers cannot be credibly alleged on information or belief and are therefore impertinent.

## IV.    <u>CONCLUSION</u>

Plaintiffs' claim that teaching yoga is protected First Amendment activity is without precedent or support. Plaintiffs' entire lawsuit rests on this premise. As a result, Plaintiffs' facial and as-applied challenges, claims against Doe and supervisory defendants, and request for injunctive relief fail for the same reason. Plaintiffs' FAC should be dismissed with prejudice because it lacks a cognizable legal theory under the First Amendment and because it pleads insufficient facts even if Plaintiffs had proceeded under a cognizable theory. *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). For these foregoing reasons, Defendant respectfully requests that this Court grant Plaintiff's 12(b)(6) motion.

///

Dated:  July 31, 2024                    MARA W. ELLIOTT, City Attorney


                                         By  *s/ Manuel Arambula*
                                             Manuel Arambula
                                             Deputy City Attorney

                                             Attorneys for Defendant
                                             City of San Diego