MARA W. ELLIOTT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
MANUEL ARAMBULA, Deputy City Attorney
California State Bar No. 289718
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5611
    Facsimile:  (619) 533-5856

Attorneys for Defendant City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HUBBARD and AMY BAACK,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO and DOES 1-10,<br><br>    Defendants. | Case No.  24-cv-00972 CAB MMP<br><br>**DEFENDANT CITY OF SAN DIEGO'S REPLY IN SUPPORT OF ITS MOTON TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>**[Fed. R. Civ. P. 12(b)(6)**<br><br>Date:    None Set<br>Judge:   Hon. Cathy Ann Bencivengo<br>Court:   15A<br>Trial:    Not Set |

    Defendant City of San Diego (City) respectfully submits this reply in support of its motion to dismiss (Motion) Plaintiffs' Steven Hubbard and Amy Baack's (Plaintiffs) first amended complaint (FAC) and in response to Plaintiffs' opposition (Opposition).

/ / /

/ / /

/ / /

/ / /

Document Number: 3677788      1

## I. INTRODUCTION

1. Plaintiffs filed their lawsuit against the City on June 3, 2024, arguing that San Diego Municipal Code section 63.0102 is unconstitutional because it violates their First Amendment rights to free speech. (*See* Doc. No. 1.) Since the date of that filing, Plaintiffs have filed three other briefs in support of this argument. (Doc. Nos. 6, 10, 13, 20.) None of these filings address the fundamental question of whether the First Amendment applies to Plaintiffs' cause of action because "it is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the [Free Speech Clause] even applies." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984).

2. Instead of answering this question, Plaintiffs keep reiterating the circular argument that Plaintiffs' speech, when they teach yoga, is activity protected by the First Amendment. Plaintiffs' position fails to account for the well-established principle "that the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc'y For Krishna Consciousness*, 452 U.S. 640, 647 (1981). The amendments in Plaintiffs' FAC did nothing to create a cognizable argument for their First Amendment causes of action. They have, if anything, added more uncertainty to their primary argument with these newly added allegations.

## II. PLAINTIFFS' NEW ALLEGATIONS IN THEIR FAC DO NOT ESTABLISH THAT THE FIRST AMENDMENT APPLIES

3. Plaintiffs' Opposition claims that the City's Motion "ignores" the "newly added allegations" in Plaintiffs' FAC, which, according to their argument, establishes that the First Amendment applies to their claim. (Doc. No. 20 at p. 6.) To be clear, the City's Motion doesn't ignore these "newly added allegations," but rather recognizes that these allegations do not plausibly bring Plaintiffs' claims under the protection of the First Amendment.

///

4. Plaintiffs' Opposition argues that the newly added allegations establish that the First Amendment applies. (Doc. No. 20 at pp. 6-7.) In brief, the newly added allegations expand Plaintiffs' explanation of what they teach in their yoga classes and it includes the following: a "mind-body connection," "encourag[ing] students to practice mindfulness," practicing "Savasana, a meditation," that yoga is "spiritual," and discussions of a "philosophy of the week." (*Id.*) Plaintiffs added these allegations in an effort to bolster their argument that teaching yoga is protected by the First Amendment.

5. This effort misses the mark because Plaintiffs' FAC still fails to properly allege a rationale for why teaching yoga is a protected activity. Plaintiffs could have cited to a case where a court, any court, made a finding that a protected activity is analogous to teaching yoga. Plaintiffs fail to do so. Absent a case that makes such a finding—which appears to be the current status of First Amendment jurisprudence—Plaintiffs' argument also fails to credibly allege why, according to Free Speech principles, teaching yoga meets the applicable test for First Amendment protection.

6. Plaintiffs newly added allegations actually obscure their Free Speech arguments because the language Plaintiffs have added appears to shift their rationale in the direction of an Establishment Clause argument. U.S. Const. Amend. 1 ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof…."). If Plaintiffs are attempting to make an Establishment Clause argument, the way Plaintiffs describe the way they teach yoga is secular.

7. A California appellate court faced a similar question as to whether yoga—taught in a manner similar to the way Plaintiffs describe their own method of teaching yoga—violated the Establishment Clause. The court in *Sedlock v. Baird* found that "[w]hile the practice of yoga may be religious in some contexts, yoga classes as taught in the [Encinitas school] District are, as the trial court determined,

'devoid of any religious, mystical, or spiritual trappings.'" *Sedlock v. Baird*, 235 Cal. App. 4th 739, 760 (2015). The same analysis and conclusion are appropriate here. For example, the *Sedlock* court analyzed "Ashtanga yoga [which] prescribes eight limbs. The limbs are referred to as yamas (moral codes), niyamas (self-purification), asanas (postures), pranayana (breath control), pratyahara (withdrawing the mind from the senses), dharana (concentration), and samadhi (union with the divine)." *Id*. at 880. Plaintiffs similarly describe their teaching of yoga. (Doc. No. 13 at ¶ 19.) Plaintiffs' argument, to the extent that it is an Establishment Clause argument, therefore fails because yoga as taught by Plaintiffs is secular.

8. If this is not the argument Plaintiffs intend to make, they are then—at a minimum—straddling the line between a Free Exercise argument and a quasi-Establishment Clause argument because of the language Plaintiffs added to their allegations in FAC. (Doc. No. 13 at ¶¶ 13-15, 19-20.) Whichever rationale Plaintiffs are putting forth, their arguments are without merit because teaching yoga is not protected under the Free Speech or Establishment clauses of the First Amendment.

### III. CONCLUSION

9. Plaintiffs' lawsuit is premised on the argument that teaching yoga is protected by the First Amendment. Every other aspect of their lawsuit rises or falls on the viability of this overarching argument. Plaintiffs repeatedly make this argument, but do so without providing legal precedent or a cognizable theory for why this Court should accept this proposition. The substance of Plaintiffs' argument is this: "we speak when we teach yoga, therefore teaching yoga is protected by the First Amendment." This legal syllogism is not valid because not all speech is protected. Plaintiffs' FAC does not move beyond this initial hurdle and should be dismissed with prejudice because it lacks a cognizable legal theory under the First Amendment. *Balisteri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th

Cir. 1990). For these foregoing reasons, Defendant respectfully requests that this Court grant the City's 12(b)(6) motion to dismiss.

Dated:  August 28, 2024          MARA W. ELLIOTT, City Attorney


                                 By  *s/ Manuel Arambula*
                                     Manuel Arambula
                                     Deputy City Attorney

                                     Attorneys for Defendant
                                     City of San Diego