Bryan W. Pease (SBN 239139)
Pease & Ijadi, APC
3960 W. Point Loma Blvd., Suite H-2562
San Diego, CA 92110
Ph. (619) 723-0369
Email: bryan@peaselaw.org

Attorney for Plaintiffs Steven Hubbard and Amy Baack

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HUBBARD and AMY BAACK,<br><br>               Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, ROBERTO BEJAR, MICHAEL RUIZ, B. YATES, N. COLLINS, J. PROSPERO, J. AGUILAR, and DOES 1-10,<br><br>          Defendants. | Case No. 24-CV-00972-L-SBC<br><br>**DECLARATION OF BRYAN PEASE** |

I, Bryan Pease, declare:

1.     I am an attorney licensed to practice before this Court and am attorney of record for Plaintiffs in the above-captioned action. I state the following of my own personal knowledge.

2.     On January 31, 2025, Plaintiffs filed their Second Amended Complaint (SAC) in this case. (ECF No. 25.)

3.     The SAC includes allegations of a new unconstitutional manner in which Defendants are applying SDMC Sections 63.0102(c)(14) and (15), which is to issue citations for teaching yoga classes *online*, which can be viewed from anywhere, on the theory that if the classes are viewed by third persons in a City park, teaching of the classes online is illegal. (SAC, ¶¶86-91.)

4.     On January 29, 2025, Plaintiffs also filed a state court case challenging these ordinances on their face and as applied under state law and state constitutional provisions. (*Hubbard v. City of San Diego*, San Diego Superior Court Case No. 25CU005169C.)

5.     The present case includes only federal claims.

6.     On February 5, 2025, I filed an ex parte application for temporary restraining order in the state court case to enjoin the unconstitutional citations for teaching yoga classes online.

7.     The City filed no written opposition but at the hearing argued the same issue was already before this Court in the present case and that the state court should abstain from issuing any new or contrary rulings.

8.     On February 6, 2025, Hon. Marcella O. McLaughlin denied the ex parte request without any analysis. A true and correct copy of the minute order from the hearing is attached hereto as Exhibit 1.

9.     On February 12, 2025, based on the City's argument that only this Court should hear the present challenge to the citations for online speech, I met and conferred by phone with deputy city attorney Manuel Arambula regarding Plaintiffs' need to file

an ex parte application in the present case under the First Amendment seeking a temporary restraining order if Defendants continued issuing citations for teaching yoga classes online. A true and correct copy of the confirming email I sent Mr. Arambula following this call is attached hereto as Exhibit 2, along with his response.

10.    A fair amount of media coverage occurred as a result of the City's latest tactic and the new state court lawsuit filing. It appeared that someone at the City had realized that issuing citations for online speech is blatantly unconstitutional, because such citations stopped until this past holiday weekend.

11.    On May 24, 2025, park rangers accosted Plaintiff Steven Hubbard as he was walking down the street near his house, and issued him yet another citation for having taught yoga online from his house earlier that morning.

12.    On May 27, 2025, I informed Mr. Arambula by email that I would be filing the present ex parte application today due to these unconstitutional citations resuming and asked if he would like to meet and confer further or had anything to add regarding the City's position since we last spoke in February. A true and correct copy of my email and Mr. Arambula's response is attached hereto as Exhibit 3.

13.    In that response, Mr. Arambula states, "I am also well aware of your client's new legal theory claiming that he is not presiding over these classes because he is live streaming from his home even though his students are gathering right across the street, which asks them to do on social media. This legal theory is incorrect, which is a conclusion I've shared with you."

14.    Thus, the City's position as articulated by Mr. Arambula is that Plaintiffs can be issued citations for "presiding" over classes that they teach *online,* which can be viewed from anywhere. The citations the City is issuing are for "giving a lecture" and "teaching yoga."

15.    There is no crime of encouraging people to go practice yoga in a park that I am aware of, and if there were, such an ordinance would be unconstitutional.

16.    On April 2, 2025, the City filed a demurrer in the state court case based

3

DECLARATION OF BRYAN PEASE

entirely on res judicata due to the present case, which of course does not apply because there is no final judgment in the present case, and the cases are also brought under different laws and constitutional provisions, one federal and one state. A true and correct copy of the City's points and authorities in support of that demurrer is attached hereto as Exhibit 4.

17.     In that memo, the City states "this lawsuit is in all respects the same lawsuit he filed in federal court," repeatedly refers to the present case and Judge Bencivengo by name, accuses Plaintiffs of having "engaged in blatant forum shopping free speech claims that have already been found to lack merit," and also erroneously claims the state court case arises from the First Amendment, when in fact the First Amendment is not mentioned in that case, which arises from Article I, Section 2 of the California Constitution, which contains broader free speech protections than the First Amendment.

18.     The City also argues in its pending demurrer in state court that the present case "has resulted in adverse rulings against Plaintiffs," but fails to disclose that this Court has ruled against the *City* as to the constitutionality of SDMC Section 63.0102(c)(15), making it unlawful to "give any…lecture" in a park. (ECF No. 23, p.11:25-26.)

19.     I am bringing the state court filings to the Court's attention because Defendants are likely to again claim the present ex parte application is barred by res judicata due to Defendants' misunderstanding or misrepresentation of how the doctrine of res judicata actually works and when it applies, and despite having argued successfully in state court that the state court should abstain from making any rulings.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Dated: May 27, 2025                        By:     s/ Bryan Pease
                                                    Bryan Pease, Esq.

Exhibit 1

**MINUTE ORDER**

DATE: 02/06/2025              TIME: 8:30 AM          DEPT: C-72

JUDICIAL OFFICER: MARCELLA O. MCLAUGHLIN
CLERK: Valerie Secaur
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: C. Lemke

CASE NO: **25CU005169C** CASE INIT.DATE: 01/29/2025
CASE TITLE: **Hubbard vs City Of San Diego**
CASE CATEGORY: Civil        CASE TYPE: (U)Civil Rights: False Arrest/Imprisonment

**HEARING TYPE**: Ex Parte Hearing
MOVING PARTY:

**APPEARANCES**
Bryan W Pease, Attorney for Plaintiff(s), present in person.
Manuel Arambula, Attorney for Defendant(s), present in person.

**HEARING ON EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

The Court discloses the following: The Court was employed by the City of San Diego as a Deputy City Attorney from 1999-2005, primarily in the criminal division, with a short time in the civil division.

Upon the Court's inquiry, there is no written opposition, but defendants do oppose the ex parte application.

The Court hears argument of counsel.

Having reviewed the ex parte papers and having heard from counsel, the Court does not find good cause to grant the ex parte application.

The Court offers an early date for plaintiff's noticed motion for a preliminary injunction. Plaintiffs' counsel declines to reserve the date.

The Court authorizes the calendar clerk to provide a date earlier than due course, if available, should either counsel call to schedule a motion.

**IT IS SO ORDERED.**

*Marcella O. McLaughlin*
_____
Judge Marcella O. McLaughlin

Exhibit 2



## Hubbard v City of San Diego (federal case)
2 messages

**Bryan Pease** &lt;bryan@peaselaw.org&gt;                                          Wed, Feb 12, 2025 at 3:18 PM
To: "Arambula, Manuel" &lt;MArambula@sandiego.gov&gt;

Hi Manny,

Thank you for meeting and conferring by phone regarding several items earlier today.

On the issue of serving the park rangers with the amended summons, you indicated that you had instructed the chief ranger, Michael Ruiz, to accept service for the individual rangers at the park ranger office located at the "old naval hospital." I have searched for this but am unable to find an address. If you have the address please let me know.

Under Rule 4(d), defendants have "a duty to avoid unnecessary expenses of serving the summons." You indicated that you would not accept service on behalf of the rangers because "that's their deal." Rather than my hiring a process server to personally deliver 6 copies of the summons and complaint and charge for 6 serves, I will likely mail the 6 copies to the park ranger office along with waivers of service of summonses and request that the rangers sign and return them. If your clients would like to do this over email instead to streamline things, please let me know.

On the issue of rangers showing up at Mr. Hubbard's home and citing him for teaching yoga classes on YouTube in a manner that may be viewed in a park, you stated that my client's claim to not be teaching yoga in the park is "patently false" because he is making "announcements for people to show up there," and that there is no reason for the rangers to stop citing him. You also stated "those people wouldn't be there but for his actions," and that there is a "sufficient nexus between his conduct and people's appearance in the park," but you also acknowledged that it is not illegal for people to show up and practice yoga in the park, with the ordinance only banning the providing of the service of teaching yoga in a park.

Since the rangers did not cite Mr. Hubbard this past weekend, I will not be filing my threatened ex parte application due to the issue not being an emergency at this point, and will instead proceed by noticed motion as I indicated so that we can obtain a ruling from the Court on this issue. However, if rangers continue going to Mr. Hubbard's home and citing him in the future, I may need to file the ex parte application to stop imminent First Amendment violations.

I also reiterated my clients' and other yoga instructors' desire to obtain permits to teach yoga in shoreline parks and beaches. You indicated there is only a moratorium for certain times of the year for beachside parks but did not know the dates of that. I will advise my clients and others that they may want to check with Parks & Rec Department about any new procedures regarding permits being allowed in shoreline parks and beaches for at least certain times of year.

You also requested that I file a notice of related cases in the federal case, and I indicated that I would include such a notice as a separate document along with my filing of the motion for preliminary injunction I am preparing on the YouTube streaming issue.

Finally, I requested that we hold our Rule 26(f) conference, especially since at least one of the claims is now at issue, with no amendment being necessary on that issue that the Court denied the City's motion to dismiss regarding. You reiterated that you believe such a conference is premature and should not be held until answers are filed and the entire case as at issue. I stated that this could take some time especially if you plan to file another motion to dismiss on the amended claims, and that I will likely file a motion to require us to hold a Rule 26(f) conference sooner rather than later.

Please let me know if you have a different understanding as to any of these items. Thank you for your cooperation.

-b

--
Bryan W. Pease, Esq.
Pease & Ijadi, APC
3960 W. Point Loma Blvd., Ste. H-2562
San Diego, CA 92110

Tel: 619-723-0369

www.peaselaw.org

Licensed in CA & NY

CONFIDENTIALITY NOTICE: This email message is legally privileged and confidential. If you are not the intended recipient, please destroy the email after advising by reply that you erroneously received it.

---

**Arambula, Manuel** <MArambula@sandiego.gov>                      Thu, Feb 13, 2025 at 3:51 PM
To: Bryan Pease <bryan@peaselaw.org>

Bryan,

I will briefly address the points I believe merit a response.

1. First, you may serve Chief Ruiz, who will accept service for the other park rangers, at 2125 Park Blvd (First Floor) each afternoon next week between 12 PM and 4 PM;
2. As to your request for the waiver of service, you have neither complied with the requirements of FRCP Rule 4(d) in order to request a waiver nor is the City subject to the waiver requirements as stated within Rule 4. Moreover, the Southern District's Local Rules, Rule 4.1.d  clarifies that "Service of an amended complaint, counterclaim, cross-claim, or third-party complaint, must be made upon each new party to the litigation, whether or not multiple parties are represented by a single attorney";
3. As to your request for a Rule 26(f) conference, there is no requirement that it be held until the case is at issue because the scope of initial disclosures and discovery is not defined until that time;
4. As to your statement as to the filing of a Notice of Related Cases, the Southern District's Local Rules, Civil Rule 40.1.f, requires you to file a notice and states that:

> **Notice of Related Case, Duties of Counsel.** Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this or any other federal or State Court (whether pending, dismissed, or otherwise terminated), counsel must promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a detailed statement of their relationship and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies. The Clerk will

promptly notify the Court of such filing. This is a continuing duty that applies not only when counsel files a case with knowledge of a related action or proceeding but also applies after the date of filing whenever counsel learns of a related action or proceeding.

If you do not intend to file a proper separate notice as required by the Local Rules, I will do so.

5. Lastly, your remaining legal and factual contentions on obtaining a permit below, have no bearing on the litigation of this case. I am not a City clerk who either authorizes the issuance of a permit to your client or directs them to do so. If your clients want to obtain a permit, they are free to apply for permits with the Parks & Recreation Department and they must comply with the requirements for the issuance of a permit before they hold yoga classes in the City's parks and beaches, just as everyone else must do. As to your intent to file for another restraining order if your client is cited again, the City's law enforcement officers will continue to enforce the City's ordinances consistent with the applicable law and their duties. If your client is again cited, you are free to file any motion you feel appropriately vindicates your client's interests. I will respond to any such motion as appropriate if and when you file it with the Court.

**Manny Arambula**

Deputy City Attorney
Civil Litigation Division

Office of the City Attorney

1200 Third Avenue, Suite 1100

San Diego, CA 92101

Phone (619) 533-5611

Fax (619) 533-5856

marambula@sandiego.gov

PLEASE NOTE: This email is for the sole use of the intended recipient(s) and may contain information protected by the ATTORNEY-CLIENT PRIVILEGE and/or by the ATTORNEY WORK PRODUCT DOCTRINE. The contents of this email may include confidential and/or inside information and may be legally privileged or protected and should not be communicated to or relied upon by any person without express consent of the sender. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited and may be unlawful. If you have received this email in error, please immediately notify the sender by reply email, delete the original communication, and destroy all copies

Exhibit 3



## Hubbard v City of San Diego (federal case) - ex parte notice
2 messages

**Bryan Pease** <bryan@peaselaw.org>                              Tue, May 27, 2025 at 10:20 AM
To: "Arambula, Manuel" <MArambula@sandiego.gov>

Hi Manny,

As I'm sure you're aware, over the weekend the park rangers resumed citing my client Steve Hubbard for teaching yoga from his home on YouTube, claiming it constitutes teaching yoga in a park, as well as giving an unauthorized lecture.

We met and conferred extensively on this topic on February 12, 2025, and I informed you if it happened again, we would need to file an ex parte application for temporary restraining order to enjoin these blatant First Amendment violations.

Since the rangers issued no further such citations after our February 12, 2025 conversation, despite Mr. Hubbard continuing to teach his classes online from his home, I thought this matter was not going to require immediate intervention of the Court, but now it does.

Accordingly, please take notice that I will be filing an ex parte application today in the federal case before Judge Bencivengo for a temporary restraining order to enjoin the City and defaulted defendant park rangers from issuing citations to plaintiff for teaching yoga classes online.

I am available the rest of the day to discuss if you would like to meet and confer further, or if you have anything to add regarding your position since we last spoke about this in February. Thank you for your cooperation.

-b


--
Bryan W. Pease, Esq.
Pease & Ijadi, APC
3960 W. Point Loma Blvd., Ste. H-2562
San Diego, CA 92110
Tel: 619-723-0369
www.peaselaw.org

Licensed in CA & NY

CONFIDENTIALITY NOTICE: This email message is legally privileged and confidential. If you are not the intended recipient, please destroy the email after advising by reply that you erroneously received it.

**Arambula, Manuel** <MArambula@sandiego.gov>                      Tue, May 27, 2025 at 10:44 AM
To: Bryan Pease <bryan@peaselaw.org>

Bryan,


        As I recall, I explicitly told you that the Park Rangers were going to do their job and cite your client if he continued to violate the City's ordinances. The status of this case and the governing law has not changed since you filed your client's case. I am also well aware of your client's new legal theory claiming that he is not presiding over these classes because he is live streaming from his home even though his students are gathering right across the street, which asks them to do on social media. This legal theory is incorrect, which is a conclusion I've shared with you.

You are of course free to file another motion for a preliminary injunction and the City will respond as appropriate. Sincerely,

**Manny Arambula**

Deputy City Attorney
Civil Litigation Division

Office of the City Attorney

1200 Third Avenue, Suite 1100

San Diego, CA 92101

Phone (619) 533-5611

Fax (619) 533-5856

marambula@sandiego.gov

PLEASE NOTE: This email is for the sole use of the intended recipient(s) and may contain information protected by the ATTORNEY-CLIENT PRIVILEGE and/or by the ATTORNEY WORK PRODUCT DOCTRINE. The contents of this email may include confidential and/or inside information and may be legally privileged or protected and should not be communicated to or relied upon by any person without express consent of the sender. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited and may be unlawful. If you have received this email in error, please immediately notify the sender by reply email, delete the original communication, and destroy all copies

**From:** Bryan Pease <bryan@peaselaw.org>
**Sent:** Tuesday, May 27, 2025 10:21 AM
**To:** Arambula, Manuel <MArambula@sandiego.gov>
**Subject:** [EXTERNAL] Hubbard v City of San Diego (federal case) - ex parte notice

**This email came from an external source. Be cautious about clicking on any links in this email or opening attachments.**

[Quoted text hidden]

Exhibit 4

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
4/2/2025 5:05:35 PM
Clerk of the Superior Court
By J. Siharath        ,Deputy Clerk

1   HEATHER FERBERT, City Attorney
2   M. TRAVIS PHELPS, Assistant City Attorney
    MANUEL ARAMBULA, Deputy City Attorney
    California State Bar No. 289718
3       Office of the City Attorney
        1200 Third Avenue, Suite 1100
4       San Diego, California 92101-4100
        Telephone:  (619) 533-5800
5       Facsimile:  (619) 533-5856

6   Attorneys for Defendant City of San Diego

Exempt from fees per Gov't Code § 6103
To the benefit of the City of San Diego

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9                              CENTRAL DIVISION

| | | |
|---|---|---|
| 10 Steven Hubbard and Amy Baack, | ) | Case No. 25CU005169C |
| | ) | |
| 11          Plaintiffs, | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN SUPPORT OF** |
| 12     v. | ) | **DEFENDANT CITY OF SAN DIEGO'S** |
| | ) | **DEMURRER TO PLAINTIFF'S** |
| 13 City of San Diego; Mayor Todd Gloria; and | ) | **COMPLAINT** |
| DOES 1 through 10, | ) | |
| 14 | ) | I/C Judge:      Hon. Blaine K. Bowman |
| 15          Defendants. | ) | Date:           July 11, 2025 |
| | ) | Time:           8:30 am |
| 16 | ) | Dept.:          74 |
| | ) | Complaint filed: January 29, 2025 |
| 17 | ) | Trial:          Not Set |

18        Defendant  City  of  San  Diego  (City)  hereby  respectfully  submits  the  following

19   Memorandum of Points and Authorities in support of the City's Demurrer to Plaintiffs Steven

20   Hubbard and Amy Baack's (Plaintiffs) original complaint (OC):

21                              **I.    INTRODUCTION**

22        1.      Plaintiffs are yoga instructors who claim to have "offered free yoga instruction in

23   City parks for many years." (OC at ¶ 7.) As a result of conducting these yoga classes without a

24   permit issued by the City, Plaintiffs were cited by the City's park rangers. These citations were

25   issued as violations of San Diego Municipal Code § 63.0102(c)(14) and (15). (*Id.* at ¶ 52.) San

26   Diego Municipal Code section 63.0102(c)(14) makes it "unlawful to carry on or conduct

27   commercial activity, to provide any service … or to require someone to negotiate, establish, or

28   pay a fee before providing a service, even if characterized as a donation, without the written

4011110                                  1

consent of the City Manager." San Diego Municipal Code § 63.0102(c)(15) states that it is "unlawful to set up, maintain, or give any exhibition, show, performance, lecture, concert, place of amusement, or concert hall without the written consent of the City Manager."

2. Plaintiffs' OC primarily challenges the application of San Diego Municipal Code § 63.0102(c)(14) (the "Challenged Ordinance") to their commercial activity. (OC at ¶¶ 67-82.) Despite the fact that Plaintiffs characterize the Challenged Ordinance as a "ban" on teaching yoga, it is actually an ordinance that requires individuals who wish to engage in commercial activity, such as holding a lecture or a yoga class, to obtain a permit prior to engaging in these activities.

3. As a result of these citations, Plaintiffs filed this civil rights action alleging two causes of action and one cause of action requesting declaratory relief. The first cause of action is an alleged violation of Article I, Section 2 of the California Constitution, the state's free speech clause. (OC at ¶ 68.) Plaintiffs' second cause of action is for an alleged violation of the Bane Act under Civil Code section 52.1. (*Id.* at ¶¶ 83-99.) Plaintiffs' third cause of action is a request for declaratory relief that asks this Court for a "judicial declaration of the rights and obligations of the parties [which] is necessary to ensure that there are no future invasions of Plaintiffs' rights." (*Id.* at ¶ 102.)

4. The primary issue with Plaintiffs' OC is that this lawsuit is in all respects the same lawsuit he filed in federal court (the "Federal Lawsuit"). (Ex. 1.) The Federal Lawsuit's pertinent information is as follows:

**Title:** *Steven Hubbard and Amy Baack v. City of San Diego and Does 1-10*

**Case No.:** 24-cv-972-CAB-MMP

**Court:** United States District Court for the Southern District of California

 **Assigned Judge:** Hon. Cathy Ann Bencivengo

**Case Type:** Civil

**Filing Date**: June 3, 2024

**Status:** Pending

5.     The City filed a Notice of Related Cases (Notice) with this Court on February 5, 2025. This Notice alleges that the Federal Lawsuit and this lawsuit are related because they "[i]nvolve the same parties and are based on the same or similar claims;" "[a]rise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact;" and "[a]re likely for other reasons to require substantial duplication of judicial resources if heard by different judges." Cal. Rules of Court, rule 3.300(a)(1), (2), (4). The City was obligated to file the Notice because Plaintiffs, despite being the party who initiated both lawsuits, failed to file the Notice as required. To be clear, Plaintiff was required to file the Notice despite the fact that the lawsuits are in different forums because "the party must serve and file a Notice of Related Case" when "a party in a civil action knows or learns that the action or proceeding is related to another action or proceeding pending, dismissed, or disposed of by judgment **in any state or federal court in California**...." (*Id*. at subd. (b) (emphasis added)).

6.     Plaintiffs' Federal Lawsuit not only covers the same grounds as the lawsuit before this Court (the "State Lawsuit"), but Plaintiffs' State Lawsuit is subject to res judicata because Judge Cathy Ann Bencivengo (Judge Bencivengo), from the Southern District of California, has already issued an order (Order) dismissing, with prejudice, the counts in Plaintiff's Federal Lawsuit related the Challenged Ordinance. (Ex. 2.)

7.     Plaintiffs are also asking this Court to review the Constitutionality of San Diego Municipal Code § 63.0102(c)(15) (the "Lecture Ordinance"), which prohibits lectures on City property without a permit. Plaintiffs' have also challenged the Lecture Ordinance in their Federal Lawsuit and it is now being actively litigated by the same two parties to this lawsuit.

## II. ARGUMENT

8.     Plaintiffs are engaged in blatant forum shopping free speech claims that have already been found to lack merit. Plaintiffs OC summarily assumes, without explaining why or how, teaching yoga is an activity protected under the First Amendment either as free speech or commercial speech. In addition, Plaintiffs characterize the Challenged Ordinance as a "ban" on teaching yoga when in fact the very regulatory structure Plaintiffs challenge is the law that

1  authorizes the teaching of yoga in numerous City parks, just not in the Plaintiffs preferred

2  locations or with the number of students Plaintiffs want to teach per class. (OC at ¶ 69.)

3      9.      In pursuit of their free speech claims Plaintiffs have filed two identical lawsuits in

4  two different forums: the Southern District of California, the Federal Lawsuit, and this lawsuit in

5  San Diego Superior Court, the State Lawsuit. Both cases allege identical causes of action

6  alleging First Amendment and free speech violations affecting the same parties, the same

7  contested City ordinances, and the same set of operative facts. The litigation of Plaintiffs'

8  Federal Lawsuit, which was filed on June 3, 2024, has generated a substantial amount of

9  litigation and has resulted in adverse rulings against Plaintiffs. The rulings by Judge Bencivengo

10  in the Federal Lawsuit also have preclusive effect and estop Plaintiffs' primary cause of action in

11  the State Lawsuit.

12  **A.  Plaintiffs' Federal Lawsuit is Based on the Same Facts and Substantive Law as their**

13  **State Lawsuit**

14      10.     The three causes of action in Plaintiffs' State Lawsuit are identical to, correlate

15  with, or substantially overlap with the four causes of action in their Federal Lawsuit. Plaintiffs'

16  First Cause of Action in his Federal Lawsuit alleged two counts: "Facial Invalidity of SDMC §

17  63.0102(c)(14) and SDMC § 63.0102 is Unconstitutional as Applied." (Ex. 1 at pp. 6-13.)

18  Plaintiffs' State Lawsuit alleges in its First Cause of Action a "Violation of Article I, Section 2 of

19  the California Constitution" because "SDMC s 63.0102(c)(14) is not narrowly tailored to achieve

20  any governmental Interest, let alone a substantial or compelling one." (OC at ¶ 76.)

21      11.     Plaintiffs' Second Cause of Action in the State Lawsuit alleges a "Violation of the

22  Bane Act—Civil Code § 52.1" based, at least in part, on a violation of the Challenged Ordinance.

23  (OC at pp. 14-16.) Plaintiffs' Second and Third causes of action in their Federal Lawsuit allege,

24  respectively, "42 U.S.C. § 1983 – Individual Liability (Against Does 1-5)" and "42 U.S.C. §

25  1983 – Supervisory Liability (Against Does 6-10)" (Ex. 1 at pp. 13-14.)

26      12.     Plaintiffs' Third Cause of Action in their State Lawsuit requests "Declaratory

27  Relief" asking for "[a] judicial declaration of the rights and obligations of the parties is necessary

28  to ensure there are no future invasions of Plaintiffs' rights. (OC at pp. 16.)  Plaintiffs' Fourth

Cause of Action in their Federal Lawsuit also requests "[a] judicial declaration of the rights and obligations of the parties is necessary to ensure there are no future invasions of Plaintiffs' rights." (Ex. 1 at ¶ 94.) All of the causes of action in the Federal Lawsuit have been re-pled as state law causes of action in the State Lawsuit and are substantively identical.

13. Plaintiffs' State Lawsuit also challenges SDMC §63.0102(c)(15) (the "Lecture Ordinance") in Count II of their lawsuit under the Bane Act. (OC at pp. 14-15.) While Plaintiffs' challenge to the Lecture Ordinance survived the City's motion to dismiss, simultaneously litigating the constitutionality of the Lecture Ordinance in both state and federal court is an unnecessary duplication of effort and this Court should "weigh the desirability of avoiding piecemeal litigation" and the "order in which jurisdiction was obtained by the concurrent forum…." when deciding the propriety of issuing a stay. *Colorado River*, *supra*, 424 U.S. at 818.

**B. Plaintiffs' Claims in the Federal and State Lawsuits are the Same**

14. Two proceedings are on the same cause of action if they are based on the same "primary right." *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 904 (2002). A plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based. *Id*. The scope of the primary right therefore depends on how the injury is defined. A cause of action comprises the plaintiff's primary right, the defendant's corresponding primary duty, and the defendant's wrongful act in breach of that duty. *Ibid*.

15. Here, Plaintiffs' allege the same primary right: the right to free speech or to engage in expressive conduct by teaching yoga. (*See* OC.) They further allege that they should be able to engage in the teaching of yoga absent regulation from the City and that the City's enactment and enforcement of the Challenged and Lecture Ordinances are the wrongful acts in breach of the City's duty not to violate their rights to free speech and expressive conduct. (*Id*.) The Federal and State Lawsuits therefore relate to the same causes of action and primary right.

16. Judge Bencivengo's Order dismissed Plaintiffs' facial challenge finding that the Challenged Ordinance "regulates Plaintiffs' conduct, not their speech, because it does not regulate what Plaintiffs say—i.e. explaining yoga's philosophies to a seated audience at a park—

but what Plaintiffs do—i.e. hosting and teaching yoga exercise classes without a permit on public parks." (Ex. 2 at p.8.) Plaintiffs are now alleging in the State Lawsuit that the Challenged Ordinance violates "article I, Section 2 of the California Constitution" as "[a] law [that] restrain[s] or abridge[s] [the] liberty of speech…." (OC at pp. 16-17; Cal. Const. Art. 1, Sec. 2.) Plaintiffs are therefore asking this Court to make a judicial finding that directly conflicts with the finding made in federal court. Res judicata prevents this exact result.

## C.  Res Judicata—or Claim Preclusion—Applies to the Relitigation of the Challenged Ordinance

17.  Res judicata precludes the relitigation of a cause of action that was previously adjudicated in another proceeding between the same parties. *Mycogen Corp., supra* at p. 896. "The doctrine of res judicata—or claim preclusion—adheres when (1) the issues decided in the prior adjudication are identical with those presented in the later action; (2) there was a final judgment on the merits in the prior action; and (3) the party against whom the plea is raised was a party … to the prior adjudication." *Pollock v. University of Southern California*, 112 Cal.App.4th 1416, 1427 (2003). Plaintiff's State Lawsuit meets this criteria because 1) the issues decided in the Federal Lawsuit—Plaintiffs' free speech and expressive conduct rights—are the same as those in the State Lawsuit: 2) Judge Bencivengo issued an order dismissing, with prejudice, Plaintiff's constitutional challenge to the Challenged ordinance; and 3) Plaintiffs and the City are the same parties in both the State and Federal Lawsuits.

18.  While Plaintiffs' State Lawsuit alleges state law causes of cation, it tries to vindicate the same primary rights as the Federal Lawsuit "regardless of the theory and title [Plaintiffs] attach [] to the various causes of actions." *Pollock*, 112 Cal.App.4th at 1427. The only distinction between the two lawsuits is the fact that the State Lawsuit relies on California's free speech guarantees and the Bane Act rather than the First Amendment to the United States Constitution and 42 U.S.C. 1983, the Civil Rights Act of 1871. (OC at pp. 12-16; Ex. 1 at pp. 6-14).

19.  Code of Civil Procedure section 1908 codifies the res judicata doctrine and provides that "the judgment or order is, in respect to the matter directly adjudged, conclusive

between the parties [] litigating for the same thing under the same title and in the same capacity…." (Cal. Code Civ. Pro. § 1908(a)(2)). The State and Federal Lawsuits therefore attempt to vindicate the same primary rights despite being based on the law of separate sovereigns. Plaintiffs have had their day in federal court and must be bound by the judgment they sought and received in the Federal Lawsuit.

20.   Plaintiffs' causes of action related to the Lecture Ordinance are also precluded claims because California state courts recognize that "[r]es judicata bars the litigation not only of issues that were actually litigated in the prior proceeding, but also issues that could have been litigated in that proceeding." *Zevnik v. Superior Court*, 159 Cal.App.4th 76, 70 (2008). Plaintiffs could have litigated their state law claims, now before this Court, in the Federal Lawsuit under the federal court's supplemental jurisdiction. 28 U.S.C. § 1367. This is a common and widely recognized practice in federal court. Plaintiffs, however, chose not to pursue their state law causes of action in the Federal Lawsuit. *See* Ex. 1.

21.   Plaintiffs failure to plead their state law causes of action in their Federal Lawsuit has forfeited their right to proceed with the state law claims in their subsequently filed State Lawsuit. As the California Supreme Court plainly stated:

> If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable.

*Sutphin v. Speik*, 15 Cal.2d. 195, 202 (1940) (internal citations and quotations omitted); *see also Thibodeau v. Crum*, 4 Cal.App.4th 749, 755 (1992).

**D. This Court May, in the Alternative, Abate the State Lawsuit**

22.   The City is asking this Court to dismiss Plaintiffs' State Lawsuit under the principle of res judicata. Should the Court decide that a dismissal is not appropriate, the Court must then determine whether a stay of these proceedings will promote the ends of justice. In

doing so, it must consider the imminence of the Federal Lawsuit proceedings that might materially affect the status of this action and whether a final judgment in the Federal Lawsuit would have a res judicata or collateral estoppel effect with regard to any common issue in these two actions. (Cal. Rules of Court, rule 3.515(f)). Indeed, a stay is appropriate in order to avoid "litigation designed solely to harass an adverse party...unseemly conflicts with the courts of other jurisdictions... [and] whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced." *Farmland Irr. Co. v. Dopplmaier*, 48 Cal.2d 208, 215 (1957).

23. "Abatement of the second action is a matter of right. A trial court has no discretion to allow the second action to proceed if it finds the first involves substantially the same controversy between the same parties." *Leadford v. Leadford*, 6 Cal.App.4th 571, 574 (1992). Plaintiffs' Federal Lawsuit is in all respects the same as their State Lawsuit. Should the Court conclude that it should not dismiss Plaintiffs' State Lawsuit in its entirety, a stay pending the outcome of the Federal Lawsuit serves the ends of judicial economy and comity.

### III.    CONCLUSION

Plaintiffs' Federal and State Lawsuits are exactly the same lawsuit filed in two different forums. Plaintiffs are plainly asking this Court to provide them the relief in superior court that has already been denied to them in federal court. The causes of action that haven't been dismissed with prejudice are also subject to res judicata because Plaintiffs, whether deliberately or through disregard, failed to plead them in the Federal Lawsuit. Permitting Plaintiffs to continue to litigate the State Lawsuit parallel to the Federal Lawsuit unnecessarily multiplies the work by the City, harasses witnesses, and abuses limited judicial resources.

/ / /

/ / /

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF SAN DIEGO'S DEMURRER TO PLAINTIFFS' COMPLAINT**

The City therefore asks this Court to dismiss Plaintiffs' State Lawsuit. The ends of justice would be served by such a resolution because while Plaintiffs are entitled to their day in court, they are not entitled to forum shop until they get the result they want.

Dated:  April 2, 2025                HEATHER FERBERT, City Attorney


By  *Manuel Arambula*
                                     Manuel Arambula
                                     Deputy City Attorney

                                     Attorneys for Defendant
                                     City of San Diego

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF SAN DIEGO'S DEMURRER TO PLAINTIFFS' COMPLAINT**