UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HUBBARD, AMY BAACK,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 3:24-cv-972-CAB-MMP<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS**<br><br>**[Doc. No. 48]** |

Plaintiffs Steven Hubbard and Amy Baack filed a third amended complaint against Defendants City of San Diego, Michael Ruiz, Roberto Bejar, Bryan Yates, Nathan Collins, Joel Prospero, Juan Aguilar, and Does 1–10 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a). [Doc. No. 46 ("TAC").] Defendants Ruiz, Bejar, Yates, Collins, Prospero, and Aguilar ("individual Defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 48.] The matter is fully briefed, and the Court finds it suitable for determination on the papers. *See* CivLR 7.1(d)(1). For the reasons below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion to dismiss.

**I.    BACKGROUND**

The parties are familiar with the facts of this case, so the Court will not recount them in their entirety. On June 4, 2025, the Ninth Circuit reversed the Court's denial of a preliminary injunction and remanded with instructions to enter a preliminary injunction in

favor of Plaintiffs "on their as-applied challenge to the City's prohibition against teaching yoga in San Diego's shoreline parks." *Hubbard v. City of San Diego*, 139 F.4th 843, 854 (9th Cir. 2025). Accordingly, on remand, the Court entered a preliminary injunction for Plaintiffs enjoining Defendants "from using SDMC § 63.0102 to prohibit Plaintiffs from teaching yoga classes or lecturing in San Diego shoreline parks." [Doc. No. 45 at 2.] Following the injunction, Plaintiffs filed a third amended complaint. [TAC.] Defendant City of San Diego answered. [Doc. No. 47.] The aforementioned individual Defendants, who are all City of San Diego park rangers, filed the instant motion to dismiss. [Doc. No. 48.]

Plaintiffs allege that the individual Defendants are liable pursuant to 42 U.S.C. § 1983 for violating their First Amendment freedoms of speech and assembly, and Fourteenth Amendment freedom of movement. [TAC at 23.] Defendants Yates and Bejar issued a citation to Hubbard pursuant to San Diego Municipal Code ("SDMC") § 63.0102(c)(14) for teaching yoga in a park and § 63.0102(c)(15) for giving a lecture. [*Id.* at 13–14.] Defendants Collins, Prospero, Aguilar, and Bejar cited Hubbard pursuant to SDMC § 63.0102(c)(14) for teaching yoga on YouTube from his home. [*Id.* at 11–12.] Finally, Plaintiffs allege that Defendant Ruiz is liable as a supervisor because he "directed and/or ratified the violation of Plaintiffs' . . . rights." [*Id.* at 23–24.] Defendants argue, *inter alia*, that they are entitled to qualified immunity and that Plaintiffs fail to state a claim against Defendant Ruiz and Doe Defendants 1–10. [*See generally* Doc. No. 48.]

## II.   LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss based on a "failure to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (internal quotation marks omitted). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the nonmoving party, here, Plaintiffs. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III. DISCUSSION

#### A. No Actual "Motion" Filed

Before examining the Parties' substantive arguments, the Court addresses Plaintiffs' assertion that Defendants' motion should be denied because they only filed a memorandum of points and authorities in support of a motion to dismiss but failed to file an actual motion to dismiss. [Doc. No. 51 at 2.] Though Defendants indeed only filed a memorandum of points and authorities in support of a motion to dismiss, "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Plaintiffs were well aware that Defendants were seeking to dismiss the claims against them and knew all of Defendants' substantive arguments; Plaintiffs are not prejudiced by Defendants' mistake. The Court proceeds by treating Defendants'

memorandum as a motion to dismiss. Defendants are cautioned to carefully review their documents before filing.

### B.     14th Amendment Claim

Plaintiffs allege that Defendants violated their Fourteenth Amendment right to freedom of movement by threatening to issue them a citation for teaching yoga in a public park. [TAC at 23.] Defendants counter that this allegation does not implicate the freedom of movement. [Doc. No. 48 at 12.] The Court agrees.

The Due Process Clause of the Fourteenth Amendment protects the freedom of movement and interstate travel. *See City of Chicago v. Morales*, 527 U.S. 41, 53 (1999); *see also Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 944 (9th Cir. 1997). Plaintiffs, however, allege no facts showing that their ability to move, travel, or even loiter, was infringed by Defendants threatening to issue a citation for teaching yoga. *See Morales*, 527 U.S. at 53 (finding the Fourteenth Amendment also protects the "freedom to loiter for innocent purposes"). In *A'Ghobhainn v. City of Los Angeles*, plaintiff was participating in a protest when a police officer threatened her with arrest if she entered a certain public alleyway. No. 2:23-CV-07613-SP, 2024 WL 4216421, at *1 (C.D. Cal. Sept. 17, 2024). The Court dismissed plaintiff's freedom of movement claim because she "[did] not actually allege she did not enter the alleyway because of the threat." *Id.* at *7.

Plaintiffs' claim here carries even less merit than that in *A'Ghobhainn* given that the latter at least implicated the ability to move or travel through a public area. Indeed, Plaintiffs only allege that Defendants' threat of a citation restricted them from *teaching yoga*, not from moving, traveling through, or remaining in a given place. As such, the Court **DISMISSES** the Fourteenth Amendment claim.

### C.     Supervisory Liability

Plaintiffs allege that Defendant Ruiz is liable as a supervisor for directing and/or approving of the other individual park ranger Defendants who issued citations to Hubbard. [TAC at 23.] This, however, is all that Plaintiffs allege against Defendant Ruiz. They allege no facts showing Defendant Ruiz was "personal[ly] involve[d] in the constitutional

deprivation," or that there is any "causal connection between [Ruiz's] wrongful conduct and the constitutional violation[,]" for example by his direct actions or by his knowledge or acquiescence in the behavior of his subordinates. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The single, conclusory statement Plaintiffs make against Defendant Ruiz is wholly insufficient to state a supervisory liability claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers . . . 'a formulaic recitation of the elements of a cause of action will not [survive a motion to dismiss].'"). Accordingly, the Court **DISMISSES** the supervisory liability claim against Defendant Ruiz.

### D. Doe Defendants

Plaintiffs allege that ten Doe Defendants are "responsible in some manner for the acts, omissions, and damages alleged[.]" [TAC at 5.] "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "To successfully plead a Section 1983 claim, Plaintiff must set forth facts that each defendant personally violated his constitutional rights. This requires an 'individualized' assessment of causality to attribute conduct (or lack thereof) that allegedly forms the basis of a constitutional deprivation." *Manlove v. Cnty. of San Diego*, 759 F. Supp. 3d 1057, 1063 (S.D. Cal. 2024) (internal citation omitted) (quoting *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Plaintiffs present no facts indicating what any Doe Defendant did, if anything, to contribute to the claimed constitutional harms or how they are "responsible in some manner[.]" [TAC at 5.] The Court **DISMISSES** all claims against Doe Defendants 1–10.

### E. Qualified Immunity

The Court now considers the qualified immunity argument raised by Defendants. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v.*

*Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "First, the court must decide whether the defendant's conduct violated a constitutional right. Second, the court must determine whether the identified constitutional right was clearly established at the time of the alleged violation." *Bledsoe v. Ferry Cnty., Washington*, No. 2:19-CV-227-RMP, 2020 WL 376611, at *10 (E.D. Wash. Jan. 23, 2020) (internal citations omitted) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Defendants issued various citations to Hubbard for three acts—teaching yoga in a public park, lecturing in a park, and teaching yoga online. [*See, e.g.*, TAC at 11.] The Court finds that the first prong of the qualified immunity analysis is satisfied for all three, and that Plaintiffs sufficiently plead that Defendants violated a First Amendment right. *See Hubbard*, 139 F.4th at 850 (finding the teaching of yoga to be protected speech); *see also Jamison v. State of Texas*, 318 U.S. 413, 416 (1943) ("[O]ne who is rightfully on a street which the state has left open to the public carries with him there as elsewhere the constitutional right to express his views in an orderly fashion."); *see also 303 Creative LLC v. Elenis*, 600 U.S. 570, 587 (2023) ("All manner of speech . . . qualify for the First Amendment's protections; no less can hold true when it comes to speech . . . conveyed over the Internet.").

The more involved question is whether these constitutional rights were *clearly established* at the time of the alleged violations—which Plaintiffs bear the burden of showing. *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000) ("Once the defense of qualified immunity is raised by the defendant, the plaintiff bears the burden of showing that the rights allegedly violated were 'clearly established.'"). "Except in the rare case of an obvious instance of constitutional misconduct . . . , Plaintiffs must identify a case where an officer acting under similar circumstances as Defendants was held to have violated" the Constitution. *Sharp v. Cnty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (cleaned up). Indeed, they "must point to prior case law that articulates a constitutional rule specific enough to alert *these* deputies *in this case* that *their particular conduct* was unlawful." *Id.* (emphasis in original).

### i. Teaching Yoga in a Public Park

As to the first act, Plaintiffs do not appear to argue that teaching a yoga class in a public park was a clearly established First Amendment right at the time of the citation. [*See* Doc. No. 51 at 2–3.] Indeed, they offer no case law. Even if they did, "when a public official acts in reliance on a duly enacted statute or ordinance, that official ordinarily is entitled to qualified immunity." *Dittman v. California*, 191 F.3d 1020, 1027 (9th Cir. 1999). Only when that official enforces an ordinance that is "patently violative of fundamental constitutional principles" will they not be afforded qualified immunity. *Id.* (quoting *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994)).

In *Marsden v. Graham*, the court considered whether a police officer was entitled to qualified immunity for attempting to enforce an Idaho law which required any communication which advocated for or against a political candidate to identify who paid for it. No. 4:23-CV-00547-BLW-REP, 2025 WL 1218156 (D. Idaho Apr. 28, 2025). The plaintiff printed anonymous door hangers criticizing three city council members. *Id.* at *1. The court held that the law was not patently violative of fundamental constitutional principles despite the fact that it was likely unconstitutional given that the Supreme Court found anonymous political speech was protected in *Mcintyre v. Ohio Election Commission*, 514 U.S. 334, 357 (1995). *Marsden*, 2025 WL 1218156 at *3.

Here, Defendants Yates and Bejar relied on SDMC 63.0102(c)(14) which prohibits commercial activity and providing services, including teaching yoga, at a public park without a permit. Though the ordinance/code suffers from constitutional defects, as evidenced by the Ninth Circuit's *Hubbard* opinion, in regulating commercial activity and services it does not *patently* violate "fundamental constitutional principles" for the purposes of qualified immunity. Accordingly, the Court finds Defendants Yates and Bejar are entitled to qualified immunity for the May 18 and June 1, 2024 citations which were issued for violating SDMC § 63.0102(c)(14). *See Marsden*, 2025 WL 1218156 at *3 ("Even if Graham's investigation infringed on Marden's First Amendment right to anonymous speech, Graham is entitled to qualified immunity because he reasonably relied

on a duly enacted statute."). The Court **GRANTS** the motion to dismiss the Section 1983 claims against Defendants Yates and Bejar for the May 18 and June 1, 2024 SDMC § 63.0102(c)(14) citations.[1]

### ii. Lecturing in a Public Park; Teaching Yoga Online from Home

On June 1, 2024, Defendants Yates and Bejar cited Hubbard pursuant to SDMC § 63.01012(c)(15) for giving a lecture in a park without written consent of the City Manager. [TAC at 11.] Then, from July 14, 2024 to January 18, 2025, Defendants Collins, Bejar, Prospero, and Aguilar cited Hubbard on various occasions pursuant to SDMC § 63.0102(c)(14) for teaching yoga on YouTube from his home. [*Id.* at 11–12.] Regarding these two final acts—lecturing in a park and teaching yoga online—Plaintiffs do argue that it "was clearly established that the First Amendment protects the right to 'lecture' in a public forum, as well as to speak and teach online." [Doc. No. 51 at 3.]

In attempting to show that the law clearly establishes the right to lecture in a public park, Plaintiffs cite this Court's order on Defendants' initial motion to dismiss, where the Court stated that one of the fundamental "purposes of traditional public fora like parks, and the means by which to enjoy them, is for citizens to 'communicat[e] thoughts . . . and discuss[] public questions.'" [Doc. No. 23 at 12 (quoting *Hague v. Comm. For Indus. Org.*, 307 U.S. 496, 515 (1939) (alterations in original)).] And to show that teaching online is a clearly established right, Plaintiffs cite *Anonymous Online Speakers v. United States Dist. Court* for the principle that "online speech stands on the same footing as other speech[.]" 661 F.3d 1168, 1173 (9th Cir. 2011).

These two citations, however, are insufficient; Plaintiffs fail to identify or analyze a similar, controlling case. *See Sharp*, 871 F.3d at 911. Indeed, *Anonymous Online Speakers* is dissimilar as it concerned whether it was unconstitutional to require an individual to

---

[1] Plaintiffs also allege that Defendant Collins issued a citation to Hubbard for practicing yoga personally, rather than teaching it. [TAC at 12.] Plaintiffs do not show or argue, however, that individually practicing yoga was a clearly established constitutional right at the time. [*See* Doc. No. 51 at 2–3.] Thus, they fail to carry their burden.

testify regarding the identities of anonymous online speakers. 661 F.3d at 1171. Nonetheless, as noted earlier, where constitutional misconduct is obvious, Plaintiffs are not required to identify an analogous, controlling case. *See Sharp*, 871 F.3d at 911. The Court finds the issuance of citations for lecturing in a park and teaching online from one's home to be obviously unconstitutional. *See Jamison*, 318 U.S. at 416 ("[O]ne who is rightfully on a street which the state has left open to the public carries with him there as elsewhere the constitutional right to express his views in an orderly fashion."); *Pac. Coast Horseshoeing Sch., Inc. v. Kirchmeyer*, 961 F.3d 1062, 1069 (9th Cir. 2020) (finding the First Amendment protects speech that "imparts a 'specific skill' or communicates advice from specialized knowledge"); *Grossman v. City of Portland*, 33 F.3d 1200, 1204–05 (9th Cir. 1994) ("Parks, in particular, have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of . . . communicating thoughts between citizens[.]").

The Supreme Court's holding in *Sause v. Bauer* is illuminating on such instances where there is an absence of a similar, prior case. 585 U.S. 957 (2018). There, the Court considered whether a district court erred in granting qualified immunity at the motion to dismiss stage to an officer who allegedly entered a woman's home in response to a noise complaint and, *inter alia*, ordered her to stop praying. *Id.* at 958. The Court specifically noted plaintiff's argument that "the absence of a prior case involving the unusual situation alleged to have occurred here does not justify qualified immunity." *Id.* at 959. Ultimately, the Court found that the lower court erred because the right to pray is unquestionably protected by the First Amendment and any justification for the officer's order to stop praying was unclear. *See id.* at 959–60.

Similarly, here, the Court finds that the right to teach online from one's own home, and to lecture in a public park, are unquestionably protected by the First Amendment, and that at this stage, any justification for Defendants' actions—aside from enforcing the municipal code—is unclear. At a later point, and with greater context of their actions, Defendants may ultimately establish that they did not violate any clearly established law.

*See Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018) ("[A court's] decision at the motion-to-dismiss stage sheds little light on whether the government actors might ultimately be entitled to qualified immunity were the case permitted to proceed . . . and the court is presented with facts providing context for the challenged actions." (internal quotation marks omitted)); *see also Sause*, 585 U.S. at 959–60 (finding dismissal based on qualified immunity improper because plaintiff's claim could not be properly analyzed without greater factual development). Indeed, there are circumstances in which an official may lawfully prevent a person from exercising a protected right. *See id.* at 959. Defendants allude to this fact when they state that the ordinance is justified by "legitimate safety concerns." [Doc. No. 48 at 11.] At this stage, however, by alleging that Defendants cited Plaintiffs for (1) lecturing a group of people in a public park about yoga and (2) teaching yoga online from their own home, the Court finds that Plaintiffs carry their burden.

Furthermore, Defendants Yates and Bejar may not solely rely on the fact that they were enforcing duly enacted ordinances for qualified immunity. As to the citation for lecturing, SDMC § 63.0102(c)(15) patently violates fundamental constitutional principles given that it restricts *all* unpermitted lectures at *any* San Diego park and provides no distinctions as to subject, size of audience, use of sound amplifying devices, time of day, date, etc.[2] *Cf. Grossman*, 33 F.3d at 1205 ("*[C]ertain* restrictions on speech in the public parks are valid. Specifically, a municipality may issue reasonable regulations governing the time, place or manner of speech." (emphasis added)). As to the citation for teaching yoga online, the municipal code, by its text, only applies to doing activities at a park—not within one's home. *See* SDMC § 63.0102(c) ("It is unlawful for any person within any *park* to do any of the acts listed[.]" (emphasis in original)). Accordingly, the Court

---

[2] The Court notes that in banning all unpermitted lectures, SDMC § 63.0102(c)(15) contradicts itself given that it purports to "except *expressive activity* authorized by Chapter 6, Article 3, Division 5" from regulation. (emphasis in original). Indeed, that referenced section of the municipal code defines "expressive activity" as including "all forms of speech[,]" which would include a lecture. SDMC § 63.0502.

**DENIES** the motion to dismiss the Section 1983 claim against Defendants Yates and Bejar for the June 1, 2024 SDMC § 63.0102(c)(15) citation and the Section 1983 claims against Defendants Collins, Bejar, Prospero, and Aguilar for the various citations issued from July 14, 2024 to January 18, 2025 for Hubbard teaching online from his home.

### IV. CONCLUSION

The Court **DISMISSES** Plaintiffs' Fourteenth Amendment claim, all claims against the Doe Defendants and Defendant Ruiz, and the Section 1983 claims against Defendants Yates and Bejar for the May 18 and June 1 SDMC § 63.0102(c)(14) citations. The Court **DENIES** the motion to dismiss as to Plaintiffs' Section 1983 claims against Defendants Yates and Bejar for the June 1 SDMC § 63.0102(c)(15) citation and their Section 1983 claims against Defendants Collins, Bejar, Prospero, and Aguilar for the various citations for Hubbard teaching online from his home.

It is **SO ORDERED**.

Dated: February 2, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge