Ijadi & Pease, APC
Bryan W. Pease (SBN 239139)
3960 W. Point Loma Blvd., Suite H-2562
San Diego, CA 92110
Ph. (619) 723-0369
Email: bryan@ijadipease.com

Attorney for Plaintiffs Steven Hubbard and Amy Baack

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN HUBBARD and AMY BAACK,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, MAYOR TODD GLORIA, and DOES 1-10,<br><br>                    Defendants. | Case No. 24-cv-972-CAB-MMP<br><br>**NOTICE OF RULING ON PLAINTIFFS' MOTION TO QUASH THIRD PARTY SUBPOENAS** |
|---|---|

NOTICE OF RULING

TO THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on July 17, 2026 at 8:30 a.m., a hearing was held in Department 74 of the San Diego Superior Court on Plaintiffs' motion to quash third party subpoenas, Hon. Blaine K. Bowman presiding.

Defendants had not yet filed their notice of removal with the state court, and hence the state court still had jurisdiction pursuant to 28 U.S.C. § 1446(d).

Judge Bowman confirmed the attached tentative ruling as the final ruling on the motion, and the parties waived notice. Approximately two hours later, Defendants filed their notice of removal with the state court.

Because Defendants filed their notice of removal before the minute order could be posted in state court, but after the tentative ruling was confirmed and notice waived, Plaintiffs are filing this notice of ruling to ensure a complete record regarding the result of Plaintiffs' motion.

Dated: July 22, 2026                         By:    s/ Bryan Pease
                                                    Bryan Pease
                                                    Attorney for Plaintiffs

2

NOTICE OF RULING

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
CENTRAL COURTHOUSE**

**TENTATIVE RULING**

HEARING DATE:  7/17/2026

JUDICIAL OFFICER: BLAINE K. BOWMAN

CASE NO.:  25CU005169C

CASE TITLE:  Hubbard vs City Of San Diego

---

**The court addresses the evidentiary issues.**  Plaintiffs' evidentiary objections are OVERRULED as to the Declaration of Bryon Yates and SUSTAINED as to Defendant City of San Diego's Exhibits C and D.

**The court then rules as follows.**  Plaintiffs' motion to quash third-party subpoenas issued by Defendant City of San Diego for records pertaining to Plaintiffs Steven Hubbard and Amy Baack, is GRANTED.  CCP § 1987.1.

Plaintiffs submit evidence that the City issued subpoenas to the following entities for records pertaining to Plaintiffs Hubbard and Baack.

Venmo, Inc. dba PayPal Holdings, Inc.

Early Warning Services, LLC (aka ZellePay)

PayPal, Inc.

Block of Delaware, Inc. (aka CashApp)

Apple Cash

Patreon, Inc.

Intuit, Inc.

Facebook, Inc.

YouTube, LLC

Meetup

Instagram, LLC

The subpoenas to Venmo, Early Warning Services, PayPal, Block of Delaware, Apple Cash and Intuit, seek:

---

CASE NUMBER: 25CU005169C
CASE TITLE: Hubbard vs City Of San Diego

Any and all financial records, including but not limited to the following: full account statements; individual transaction records, including timestamps, amounts, and counterparties; transfer records, including transfers to and from external accounts; receipts and payment confirmations; any communications or notes associated with transactions; location data from mobile devices both sending and receiving payment that is collected from these devices via GPS, Wi-Fi, cell site triangulation, IP addresses, cellular signals, Bluetooth, or any other geolocation data; account registration and profile information, and records of any disputes or chargebacks from the date of creation of any account(s) to present date pertaining to Steven Mathew Hubbard; DOB:            ; SSN:        ; Email(s):            ; Phone:            .

The subpoenas to Patreon, Facebook and YouTube  seek:

Any and all records, including but not limited to the following: account creation date; registered email addresses and phone numbers; account status/ history, including any suspensions, deletions, or username changes; all photos and videos; captions, comments, replies, hashtags, and mentions; reels, highlights, archived posts, and drafts if retained by [Patreon/Meta/YouTube]; follower/ following lists; and likes, reactions, and shares from the date of creation of any account(s) to present date pertaining to Steven Mathew Hubbard; DOB:           ; SSN:        ; Email(s):           ; Phone:           .

The subpoena to Meetup seeks:

Any and all records, including but not limited to the following: account creation date; registered email addresses and phone numbers; account status/ history, including any suspensions, deletions, or username changes; all photos and videos; captions, comments, replies, hashtags, and mentions; events hosted or attended; follower/ following lists; and likes, reactions, and shares from the date of creation of any account(s) to present date pertaining to Steven Mathew Hubbard; DOB:           ; SSN:          mail(s):           ; Phone:          .

The subpoena to Instagram seeks:

Any and all records, including but not limited to the following: account creation date; registered email addresses and phone numbers; account status/ history, including any suspensions, deletions, or username changes; all photos, videos, and posted stories (including archived or expired stories); captions, comments, replies, hashtags, and mentions; reels, highlights, archived posts, and drafts if retained by Meta; follower/ following lists; and likes, reactions, and shares from the date of creation of any account(s) to present date pertaining to Steven Mathew Hubbard; DOB:              ;SSN:            ; Email(s):              ; Phone:              .

The court finds all of the subpoenas are overbroad for failure to include any temporal limitation.  None of the arguments the City raises in opposition is sufficient to justify production of all documents without any temporal limitation.  While the complaint alleges Plaintiff Hubbard has offered yoga

CASE NUMBER: 25CU005169C
CASE TITLE: Hubbard vs City Of San Diego

classes to the public "[f]or the past 17 years" [Complaint ¶ 25], as pled, the activity at issue in this case is more recent [Complaint ¶¶ 36-53].  For these same reasons, the court also finds the City fails to establish how all of the documents the City seeks are relevant to Plaintiffs' claims and/or the City's defense in this case.

The subpoenas issued to Venmo, Early Warning Services, PayPal, Block of Delaware, Apple Cash and Intuit, seek "[a]ny and all financial records" the subpoenas issued to Patreon, Facebook, YouTube, Meetup and Instagram seek "[a]ny and all records."  As such, these subpoenas seek documents beyond those related to Plaintiffs' yoga instructor activities.  The court is not persuaded by the City's argument that the Venmo subpoena for Plaintiff Hubbard's records is limited to Hubbard's yoga business under the "@Namasteveyoga."  Such argument ignores that the scope of the request extends beyond yoga instructor activities.  The court finds the City fails to establish how records unrelated to Plaintiffs' yoga instructor activities are relevant to Plaintiffs' claims and/or the City's defense in this case.  The subpoenas to Venmo, Early Warning Services, PayPal, Block of Delaware, Apple Cash and Intuit also seek "location data from mobile devices both sending and receiving payment that is collected from these devices via GPS, Wi-Fi, cell site triangulation, IP addresses, cellular signals, Bluetooth, or any other geolocation data."  The court finds the City fails to present a viable argument for the production of location data, even if related to Plaintiffs' yoga instructor activities.  The City  argues that the documents the City seeks via these subpoenas are needed to establish that Plaintiffs engage in the type of "commercial activity" or "services" prohibited by San Diego Municipal Code § 63.0102(c)(14) and the "size and scope of such activity."  However, Plaintiffs do not dispute that Plaintiffs teach yoga in the park to groups of 15-20 and, as many as 100, and accept donations for doing so.  Plaintiffs' counsel has offered to stipulate to such facts.  To the extent the City raises issues of "taxable income" the City fails to establish how such issues are relevant in this case.

Plaintiffs challenge all 22 subpoenas.  The only subpoena the City specifically addresses is the subpoena to Venmo for Plaintiff Hubbard's records.  While some of the documents the City seeks via these 22 subpoenas appear to be relevant, the City fails to establish that all of the documents sought are relevant.  The City does not offer any proposed method for limiting the subpoenas, despite Plaintiffs' attempts to meet and confer on this issue.  Considering these circumstances, the court declines to re-write the subpoenas and instead quashes all of the subpoenas in their entirety.

This ruling is without prejudice to the City's ability to re-issue the subpoenas limited to the relevant issues in this case.

If this tentative ruling is confirmed the Minute Order will be the final order of the court and the parties shall not submit any further order on this motion.

**Unless the ruling above indicates that an appearance is necessary, parties who wish to submit, who are satisfied with the above tentative ruling, and/or who do not otherwise wish to**

CASE NUMBER: 25CU005169C
CASE TITLE: Hubbard vs City Of San Diego

**argue the motion are encouraged to give notice to the Court and each other of their intention not to appear.**